UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

JASMINE JONES,

        Plaintiff,

v.

EMIRATES AIRLINES,

        Defendant.

**MEMORANDUM & ORDER**
23-CV-04649 (HG)

**HECTOR GONZALEZ**, United States District Judge:

    This case arises from an injury that Plaintiff sustained while on a flight operated by Defendant's airline between Dubai and Dulles International Airport. ECF No. 1-3. The case ended up in this Court because Plaintiff commenced her lawsuit in the Supreme Court of the State of New York, Queens County, and Defendant removed the case based on both federal question and diversity jurisdiction. ECF No. 1. Based in part on developments that have occurred since the case was removed, the Court transfers this case to the U.S. District Court for the Eastern District of Virginia, pursuant to 28 U.S.C. § 1404(a), for the convenience of the parties and the witnesses, for the reasons further set forth below.

## PROCEDURAL BACKGROUND

    Plaintiff alleges that she was injured during a slip-and-fall incident while on a flight operated by Defendant between Dubai and "Washington, D.C.," an incident that Plaintiff alleges occurred because Defendant did not maintain a clean and dry bathroom floor. ECF No. 1-3 ¶¶ 7–10. Although Plaintiff's complaint does not identify the specific airport in Washington, D.C., to which she was flying, the Court takes judicial notice of the fact that Defendant operates international flights to Dulles International Airport and not directly to Ronald Reagan Washington National Airport, and that the latter airport's only international flights are to

destinations in Canada and the Caribbean.[1] Dulles International Airport is located within Loudoun and Fairfax Counties in Virginia,[2] both of which are situated within the Eastern District of Virginia. 28 U.S.C. § 127(a).

Although the flight on which Plaintiff was allegedly injured was not traveling to New York, Plaintiff filed this case in Queens County Supreme Court, based on the allegation that Defendant, which is headquartered in and organized under the laws of the United Arab Emirates, has its principal United States office at JFK International Airport, which is located within Queens County. ECF No. 1-3 ¶ 2. Plaintiff has not alleged that the events related to her lawsuit have any other connection to Queens County or to New York more generally. *See* ECF No. 1-3. Nor does Plaintiff, who resides in Maryland, have any apparent connection to New York. ECF No. 1-3 ¶ 1; ECF No. 7.

After Plaintiff commenced her lawsuit, Defendant hired an attorney based in Washington, D.C., and removed the case to this Court based on assertions of diversity jurisdiction and federal question jurisdiction. ECF No. 1. Federal question jurisdiction is based on the parties' apparent agreement that Plaintiff's claims are governed by the Convention for the Unification of Certain Rules for International Carriage by Air, typically referred to as the "Montreal Convention," which is a treaty to which the United States is a party. *See* ECF No. 1 ¶ 9; ECF No. 1-3 ¶ 3.

---

[1] *Flights from Washington, D.C. (IAD) to 86 Destinations with Emirates*, EMIRATES (last visited July 14, 2023), https://www.emirates.com/us/english/destinations/flights-from-washington-dc/; *Nonstop Destinations*, REAGAN NATIONAL (last visited July 14, 2023), https://perma.cc/F7Z3-9XWE.

[2] *Airport Overview,* DULLES INTERNATIONAL (last visited July 14, 2023), https://perma.cc/Q42P-CFHW. For the avoidance of doubt, in the unlikely event that Plaintiff's flight landed at Ronald Reagan Washington National Airport, the District of Columbia's Court of Appeals has held that airport is also "situated within the boundaries of Virginia." *Bryan v. Dist. Unemployment Comp. Bd.*, 342 A.2d 45, 47 (D.C. 1975).

Since Defendant's removal, Plaintiff filed a *pro se* letter explaining that her attorney intends to withdraw as her counsel because, although he is admitted to practice in New York's state courts, he is not admitted to practice in this District.  ECF No. 7.  Plaintiff's counsel confirmed his intention to withdraw in a separate letter, which he filed even after the Court raised the possibility of his getting admitted *pro hac vice*, although he has not said that Plaintiff has terminated their attorney-client relationship.  ECF No. 9.

Plaintiff's counsel's stated intention of withdrawing has caused confusion about Plaintiff's representation status since Plaintiff initially informed the Court that she "will be representing [her]self," *see* ECF No. 7, but more recently has said that she "hopes that [she] will be able to obtain legal representation in a timely manner," *see* ECF No. 13 at 1.  This confusion is compounded by the fact that Plaintiff has acknowledged that her non-admitted attorney helped her to prepare a letter responding to Defendant's proposed motion to dismiss, thereby creating uncertainty about which of Plaintiff's letters, if any, represent solely her thought processes and intentions.  *See id.*  Plaintiff's quasi-*pro se* status seems likely to continue to create confusion about important issues as the case progresses.  For example, although Plaintiff has filed one letter indicating that she objects to the propriety of Defendant's removal of her case from state court, she also sent Defendant's counsel an email that appears to recant that objection, and she has sent the Court a more recent letter stating that she "do[es] not take [a] position regarding removal from state court."  *See* ECF Nos. 14, 15-1, 16.

## **DISCUSSION**

Pursuant to the removal statute, this District is a proper venue because the Queens County Supreme Court is located within this District.  28 U.S.C. §§ 1441(a), 1446(a); *see also Foresight Luxembourg Solar 1 S.A.R.L. v. Kingdom of Spain*, No. 19-cv-3171, 2020 WL

1503192, at *4 (S.D.N.Y. Mar. 30, 2020) ("The Second Circuit has held that when a case is removed, the removal statute (§ 1441), and not the ordinary federal venue statute (§ 1391), governs.").[3] Defendant has not asserted in any of its filings, including a letter requesting permission to file a motion to dismiss, that it does not reside in this District for venue purposes or that it does not do sufficient business within the District for the Court to exercise personal jurisdiction over it. *See* 28 U.S.C. § 1391(c)(2) (stating that, for venue purposes, an entity defendant "shall be deemed to reside . . . in any judicial district in which such defendant is subject to the court's personal jurisdiction with respect to the civil action in question"). However, the fact that venue is proper in this District based on the special venue rules for removed cases does not preclude the Court from transferring the case pursuant to 28 U.S.C. § 1404. *See Foresight*, 2020 WL 1503192, at *4 ("[W]hile § 1391 does not determine venue in removed cases, a party may request a discretionary transfer to a more convenient district court forum under the transfer provision, § 1404."); *Gloster v. Boardwalk Regency LLC*, No. 20-cv-2654, 2023 WL 2162063, at *3 n.3 (S.D.N.Y. Feb. 22, 2023) (similarly explaining that, in a removed case, a "party may nonetheless request a discretionary transfer to a more convenient district court forum under the transfer provision").

Even if venue is proper in a particular district, district courts are permitted to transfer cases *sua sponte*, pursuant to 28 U.S.C. § 1404(a), to another district that is more convenient for the parties and witnesses. *See Corley v. United States*, 11 F.4th 79, 89–90 (2d Cir. 2021) (affirming *sua sponte* transfer of case). "Under 28 U.S.C. § 1404(a), a district court has discretion to transfer an action to another district court for the convenience of parties and

---

[3]  Unless noted, case law quotations in this order accept all alterations and omit internal quotation marks, citations, and footnotes.

witnesses, in the interest of justice. In making that determination, the court should consider inter alia: (1) the plaintiff's choice of forum, (2) the convenience of witnesses, (3) the location of relevant documents and relative ease of access to sources of proof, (4) the convenience of parties, (5) the locus of operative facts, (6) the availability of process to compel the attendance of unwilling witnesses, and (7) the relative means of the parties." *Id.* at 89.

As a threshold issue, the Court has determined that venue in this case would be proper in the Eastern District of Virginia. Plaintiff's flight landed in that district, meaning not only that at least some facts alleged in Plaintiff's complaint occurred there, but also that Defendant conducts business in that district, thereby making Defendant amenable to personal jurisdiction there. *See* 28 U.S.C. §§ 1391(b)(1), (b)(2), (c)(2). Furthermore, although the Montreal Convention restricts the countries in which an injured plaintiff can commence a lawsuit, multiple courts have held that these provisions of the convention impose no restrictions on which federal courts within the United States are authorized to decide a case arising under the Montreal Convention. Instead, those courts have held that the ordinary federal statutes and rules related to venue and transfers apply. *See Agasino v. Am. Airlines Inc.*, No. 19-cv-3243, 2019 WL 3387803, at *2 (N.D. Cal. July 26, 2019) ("As the Ninth Circuit explained in connection with the Montreal Convention's predecessor, the Warsaw Convention, the Convention does not affect whether venue is proper and convenient in a particular federal court or alter a federal court's power to transfer a case *within* the United States pursuant to 28 U.S.C. § 1404(a)."); *Avalon Techs., Inc. v. EMO-Trans., Inc.*, No. 14-cv-14731, 2015 WL 1952287, at *5 (E.D. Mich. Apr. 29, 2015) (stating that the "consensus" interpretation of the Montreal Convention is that it "confers jurisdiction on the courts of a nation-state, rather than a particular court within that nation-state").

The factors relevant to discretionary transfers of venue collectively weigh in favor of transferring this case to the Eastern District of Virginia. Plaintiff's choice of forum provides little reason to keep the case in this District since she originally chose a different forum—New York state court—and the removal of her case to this forum has triggered the loss of her attorney. Additionally, a court's deference to a plaintiff's choice of forum "is significantly diminished where, as here, the operative facts have no connection to the chosen district." *Gloster*, 2023 WL 2162063, at *7 (granting motion to transfer).

The locus of operative facts points more directly to Virginia than to New York because Plaintiff's flight landed in Virginia. The Court expects that airline employees or contractors who performed work related to Plaintiff's flight will be the most likely witnesses. With respect to any ground-based personnel, who were presumptively responsible for cleaning the bathroom conditions that Plaintiff alleges caused her injuries after her flight landed, even if they are not employed by Defendant and within its control, they are far more likely to be within the subpoena power of the Eastern District of Virginia than this Court. Although it is unclear where any in-flight personnel with relevant information live or work, there is no reason to think that they are more likely to be located in New York than in Virginia. To the extent that any in-flight personnel are based outside of the United States, both this Court and the Eastern District of Virginia will have the same ability (or inability) to compel their attendance at trial. *See Sharp Corp. v. Hisense Elec., Co. Ltd.*, No. 17-cv-5404, 2017 WL 9325873, at *4 (S.D.N.Y. Dec. 22, 2017) (granting motion to transfer and noting that neither the transferor court nor the transferee court could "compel Chinese witnesses to testify").

The convenience of the parties and their relative means strongly points towards transferring the case. Both Plaintiff and Defendant have hired attorneys based in Washington,

D.C.  *See* ECF Nos. 1 & 1-3.  To the extent that Plaintiff intends to continue representing herself *pro se*, she lives in a Maryland suburb of Washington, D.C., and can therefore travel much more easily to any in-person court appearances in the Eastern District of Virginia than she can travel to this District.  To the extent that Plaintiff intends to be represented by an attorney, even if her current attorney is not admitted in the Eastern District of Virginia, the Court expects that Plaintiff and her current attorney can more easily find a suitable lawyer to represent her, who practices in and around Washington, D.C., than an attorney who practices in this District.

## CONCLUSION

For the reasons set forth above, the Court hereby transfers this case to the U.S. District Court for the Eastern District of Virginia, pursuant to 28 U.S.C. § 1404(a).  The Court respectfully directs the Clerk of Court immediately to transfer the case and waives compliance with Rule 83.1 of the Local Rules for the Eastern District of New York, which otherwise imposes a seven-day delay in the transfer of relevant case materials.

SO ORDERED.

       */s/ Hector Gonzalez*
       HECTOR GONZALEZ
       United States District Judge

Dated: Brooklyn, New York
       July 15, 2023